IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


SANDRA CHAPMAN                                                                              PLAINTIFF

V.                                                              Civil Action No. 3:05-cv-354 HTW-LRA

PICCADILLY RESTAURANTS, INC.                                                      DEFENDANT


**MEMORANDUM OPINION AND ORDER**

Before this court is defendant Piccadilly Restaurants Inc.'s ("Piccadilly") motion for summary judgment filed pursuant to Rule 56(b) and (c)[1] of the Federal Rules of Civil Procedure [Docket # 16]. Plaintiff commenced this action on March 18, 2005, in the Circuit Court of Hinds County, Mississippi; the defendant subsequently removed the suit to this court on June 3, 2005 [Docket #1].

By its motion, the defendant asks this court to grant summary judgment in its

---

[1] Rule 56(b) of the Federal Rules of Civil Procedure provide: (b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

Rule 56(c) of the Federal Rules of Civil Procedure provides, in pertinent part, the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

favor on the basis that plaintiff has no present any evidence that Piccadilly breached its duty to warn of a dangerous condition, which allegedly caused plaintiff to fall and suffer injuries while seating herself in a chair with rollers on a concrete floor. Although the plaintiff opposes this motion, this court is persuaded to grant it.

## I.  Subject Matter Jurisdiction

Federal subject matter jurisdiction in this case is proper under Title 28 U.S.C. §1332.[2] The plaintiff, Sandra Chapman, is an adult citizen of the State of Mississippi; the defendant, Piccadilly, is incorporated in the State of Delaware with its principle place of business in the State of Louisiana. As such, complete diversity exists between all parties. Further, the amount in controversy exceeds the requisite amount of $75,000, exclusive of interest and costs. Inasmuch as this court's jurisdictional grant is diversity of citizenship, this court is obligated to apply the substantive law of the State of Mississippi to this dispute. *Erie Railroad Co. v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). This court will apply the procedural law of the federal courts.

## II.  Brief Facts

According to her complaint, on or about July 15, 2004, plaintiff, Sandra Chapman, met her sister, Angela Foster, and friend, Sharon Wilson, for lunch at Piccadilly's Jackson, Mississippi, dining facility. Because Piccadilly was in the midst of a remodeling project, Piccadilly had removed the carpet in the area where Chapman selected her table. Accordingly, the concrete surface underneath was exposed. When Chapman sought to seat herself, she allegedly lost her grip on the rolling chair, fell to

---

[2]Title 28 U.S.C. § 1332 (a)(2) provides as follows: "The district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

the concrete floor and injured herself. Chapman says the chair allegedly "scooted" out from underneath her.

### III.  Summary Judgment Jurisprudence

Summary judgment is appropriate where the facts and law as represented in the pleadings, affidavits and other summary judgment evidence show that no reasonable trier of fact could find for the nonmoving party as to any material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251,106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corporation v. Catrett,* 477 U.S. 317, 323-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Martinez v. Schlumberger, Ltd.,* 338 F.3d 407, 411 (5th Cir. 2003); *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.,* 310 F.3d 870, 877 (5th Cir. 2002). "A fact is 'material' if it 'might affect the outcome of the suit under governing law.' " *Bazan v. Hidalgo County,* 246 F.3d 481, 489 (5th Cir. 2001). The nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *See Celotex Corporation,* 477 U.S. at 322-23; *Anderson,* 477 U.S. at 257; *Matsushita Electric Industrial Company v. Zenith Radio Corp.,* 475 U.S. 574, 585-86, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). All the evidence must be construed "in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes." *Williams v. Time Warner Operation, Inc.,* 98 F.3d 179, 181 (5th Cir. 1996); *Brown v. City of Houston,* 337 F.3d 539, 540 (5th Cir. 2003); *Daniels v. City of Arlington,* 246 F.3d 500, 502 (5th Cir.), *cert. denied,* 534 U.S. 951, 122 S.Ct. 347, 151 L.Ed.2d 262 (2001). Furthermore, only reasonable inferences can be drawn from the evidence in favor of the nonmoving party. *Eastman Kodak Company*

*v. Image Technology Services, Inc.,* 504 U.S. 451, 469 n. 14, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992). "If the [nonmoving party's] theory is ... senseless, no reasonable jury could find in its favor, and summary judgment should be granted." *Id.* at 468-69. The nonmovant's burden is not satisfied by "some metaphysical doubt as to material facts," conclusory allegations, unsubstantiated assertions, speculation, the mere existence of some alleged factual dispute, or "only a scintilla of evidence." *Anderson,* 477 U.S. at 247-48; *Hart v. O'Brien,* 127 F.3d 424, 435 (5th Cir.1997), cert. denied, 525 U.S. 1103, 119 S.Ct. 868, 142 L.Ed.2d 770 (1999). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown,* 337 F.3d at 540; *Bridgmon v. Array Systems Corporation,* 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.,* 292 F.3d 466, 468 (5th Cir.), *cert. denied,* 537 U.S. 950, 123 S.Ct. 386, 154 L.Ed.2d 295 (2002). Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case on which it bears the burden of proof at trial. *Nebraska v. Wyoming,* 507 U.S. 584, 590, 113 S.Ct. 1689, 123 L.Ed.2d 317 (1993); *Celotex Corporation,* 477 U.S. at 322.

### IV.  Premises Liability

"A claim of negligence has four elements:  duty, breach, causation, and damages." *Magnusen v. Pine Belt Inv. Corp.* (2007 WL 242573) (Miss.Ct.App. 2007) (quoting *Price v. Park Management, Inc.*, 831 So.2d 550 (¶ 5) (Miss.Ct.App. 2002)). Mississippi courts, focusing upon the elements of duty, breach and causation, apply a three-step analysis to any premises liability claim. *Leffler v. Sharp*, 891 So.2d 152, 156

(Miss. 2004) (citing to *Massey v. Tingle*, 867 So.2d 235, 239 (Miss. 2004); *Titus v. Williams*, 844 So.2d 459, 467 (Miss. 2003)).  Under this three-step analysis, the court: (1) determines the status of the injured party as that of either an invitee, licensee, or trespasser;  (2) identifies, based on the party's status, the duty which was owed to the injured party;  and (3) analyzes whether the landowner or business operator breached this duty.  *Id.*

### A.  Status of Injured Party

In analyzing a premises liability claim, a court must look first to whether the injured party, at the time of the injury, was an invitee, licensee, or trespasser.  *Goff v. Coe*, 933 So.2d 992 (Miss.Ct.App. 2006) (quoting *Estate of White ex rel White v. Rainbow Casino-Vicksburg P'ship*, 910 So.2d 713, 718 (¶ 15) (Miss.Ct.App. 2005)). The Mississippi Supreme Court has defined these statuses as follows:  "an *invitee* is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage . . .  A *licensee* is one who enters upon the property of another for his own convenience, pleasure, or benefit pursuant to the license or implied permission of the owner whereas a *trespasser* is one who enters upon another premises without license, invitation, or other right."  *Id.* (quoting *Corley v. Evans*, 835 So.2d 30, 37 (Miss. 2003) (internal cites omitted)).

### B.  Duty Owed Determined by Status

"The owner or operator of business premises owes a duty to an invitee to exercise reasonable care to keep the premises in a reasonably safe condition and, if the operator is aware of a dangerous condition, which is not readily apparent to the

invitee, he is under a duty to warn the invitee of such condition." *Goff* at 993-4(quoting *Jerry Lee's Grocery, Inc. v. Thompson*, 528 So.2d 293, 295 (Miss. 1988)).

### C. Breach of Duty

Here, it is undisputed that Chapman was on the premises of Piccadilly as a patron. As such, Chapman was an invitee and Piccadilly was duty-bound to "keep the premises reasonably safe and when not reasonably safe to warn only where there [was a] hidden danger or peril that is not [in] plain or open view." *Little v. Bell*, 719 So.2d 757 (¶ 16) (Miss. 1998).

Plaintiff acknowledges: (1) that the chair at the restaurant was not defective; (2) that no spills or slippery substances were on the concrete floor; and (3) Chapman's short stature and obesity may have contributed to her difficulty in sitting in the chair. Chapman stood 5'4" tall and weighed 270 pounds. Plaintiff claims, however, that the removal of the carpet created a hazard because Piccadilly placed chairs with rollers on the bare concrete floor.

Plaintiff has not offered any admissible evidence that a rolling chair on a concrete floor constitutes an unreasonable dangerous condition or hidden peril. Nor has plaintiff presented any other evidence that some other unreasonably dangerous condition existed which caused the chair to move from underneath her when she attempted to sit on it. Further, plaintiff has not stated that she was unaware that the chairs had rollers and that the concrete floor was exposed. Chapman's sister, Angela Foster, and her friend, Sharon Wilson, certainly observed these facts since both of them admitted that the concrete area was quite conspicuous. Additionally, plaintiff

cannot complain that she needed special knowledge to appreciate the possibilities inherent in seeking to seat herself in a chair capable of rolling across the concrete floor. Unmistakably, she should have appreciated this possibility when she pulled the chair from under the table and sought to position it so that she could seat herself in it.

These facts plainly show that Piccadilly had no duty to warn of an open and obvious condition. Plaintiff's own negligence was the sole cause of her accident and injuries. There is no duty to warn of open and obvious dangers. *Richardson v. Grand Casinos of Mississippi, Inc.-Gulfport, LLC.*, 935 So.2d 1146, 1148 (Miss.Ct.App. 2006) (quoting *Mayfield v. The Hairbender*, 903 S.2d 733, 737-38 (¶ 21) (Miss. 2005) (citations omitted). Consequently, this court finds that plaintiff has failed to establish that a genuine issue of material fact existed regarding Piccadilly's liability for her alleged personal injuries.

### V.  Conclusion

Having applied the appropriate juridical principles to the undisputed material facts of this lawsuit, this court is persuaded to grant summary judgment to Piccadilly Restaurants, Inc., and to dismiss this case in its entirety. The court will enter a separate Final Judgment in accordance with the local rules.

**SO ORDERED AND ADJUDGED, this the 26th day of September, 2007.**

**s/ HENRY T. WINGATE**
**CHIEF UNITED STATES DISTRICT JUDGE**


Civil Action No. 3:05CV354 HTW-LRA
Memorandum Opinion and Order